## In re ED MAYES.

### No. A-2398.

Application of Ed Mayes for writ of habeas corpus. Writ allowed and petition discharged.

Echols & Merrill, for petitioner.

PER CURIAM. On behalf of Ed Mayes, a duly verified petition for a writ of habeas corpus was filed in this court on February 16, 1915, representing that petitioner was illegally restrained of his liberty and unlawfully imprisoned in the county jail of Beckham county by R. B. Francis, sheriff of said county. It further appears in said petition that the said Ed Mayes was convicted of the crime "of receiving stolen property," and was sentenced to be imprisoned for the term of three years; that from this judgment of the district court of Beckham county he appealed to this court; that on the 9th day of September, 1914, the judgment was affirmed. (See Mayes v. State, ante, 142 Pac. 1049.)

It is further averred that on the 30th day of September, 1914, a parole was granted by Hon. J. J. McAlester, as acting Governor of the state of Oklahoma at five p. m. on said day, during the absence of the Governor from the state, which parole is in part as follows:

"Now, therefore, I, J. J. McAlester, Lieutenant Governor and acting Governor of Oklahoma, in the absence from the state of Lee Cruce, Governor, do hereby grant unto the said Ed Mayes a release and parole from the sentence imposed as herein set out, during good behavior."

A rule to show cause was granted, directed to the respondent, returnable on or before the 2nd day of March, 1915, why such petition should not be granted, and it was ordered that petitioner be admitted to bail in the sum of three thousand dollars, pending the determination of the cause.

None of the averments of the petition are traversed, and the averments of fact must be taken as true. The parole is a valid parole, and the petitioner by virtue of said parole so issued and accepted is entitled to his liberty at least until he commits a breach of the conditions imposed.

We are of the opinion that petitioner is unlawfully restrained of his liberty by the respondent and that he is entitled to a discharge from the imprisonment of which he complains. He is, therefore, by the judgment of this court, discharged therefrom.